# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:18-cv-00728-CAS-KES                          Date: November 8, 2018

Title: FELECIA R. CHEVIS v. NANCY A. BERRYHILL

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE Why Case Should Not Be Dismissed for Lack of Prosecution**

In April 2018, Plaintiff Felecia R. Chevis ("Plaintiff") filed this lawsuit appealing the denial of social security disability benefits. (Dkt. 1.) Plaintiff is proceeding pro se.

On April 17, 2018, the Court issued a Case Management Order ("CMO") directing Plaintiff to accomplish service in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure within ninety (90) days. (Dkt. 7.)

On June 22, 2018, Plaintiff filed a proof of service declaration in which James Jacobs declared that on May 16, 2018, he mailed copies of the summons, complaint, and certificate of interested parties, return receipt requested, to (1) the U.S. Attorney's Office for the Central District of California, (2) the Attorney General of the United States, and (3) the Social Security Administration. (Dkt. 8.) Plaintiff attached certified mail receipts reflecting mailings to these three addressees. (Id.)

Per the CMO, Defendant should have filed an answer and lodged the administrative record within one hundred and twenty (120) days from the date of service. (Dkt. 7 § III.) Although this 120-day period has expired, Defendant has not appeared,

and Plaintiff has not moved for a default. The Court therefore orders Plaintiff to show cause why this action should not be dismissed for lack of prosecution.

To discharge this order to show cause, Plaintiff may do any of the following **on or before November 29, 2018**:

(1) File a "Response to Order to Show Cause" explaining any reason(s) why service on Defendant might not have been accomplished back in May 2018, and if so, what Plaintiff has done to correct any service defects. For example, has Plaintiff received any correspondence from the U.S. Attorney's Office contesting service? If so, what service defects were alleged? If the U.S. Attorney's Office disputes receipt of a necessary document, has Plaintiff's process server mailed (or re-mailed) that document? If so, when?

(2) If Plaintiff contends that Defendant was properly served but failed to file a timely appearance, then Plaintiff may file a "Motion for Entry of Default."

(3) If Plaintiff no longer wishes to pursue this lawsuit, then Plaintiff may file a "Notice of Voluntary Dismissal."

The federal courthouse in Riverside (which appears closest to Plaintiff's residence in Redlands) operates a clinic for self-represented parties staffed by volunteer lawyers (called the "pro se clinic"). If Plaintiff would like free legal help responding to this Order to Show Cause, then Plaintiff should visit the Court's website at http://www.cacd.uscourts.gov/, click on the "Pro Se Clinic – Riverside" link in the box labeled "People without Lawyers," and make an appointment to visit the clinic.

Initials of Deputy Clerk JD