Case No. 5:18-cv-00728-CAS-KES          Date:  December 27, 2018

Title: FELECIA R. CHEVIS v. NANCY A. BERRYHILL

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Maria Barr | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE Why Case Should Not Be Dismissed For Failure to Serve.**

In April 2018, Plaintiff Felecia R. Chevis ("Plaintiff") filed this lawsuit appealing the denial of social security disability benefits. (Dkt. 1.) Plaintiff is proceeding pro se. On April 17, 2018, the Court issued a Case Management Order ("CMO") directing Plaintiff to accomplish service in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure within ninety (90) days. (Dkt. 7.)

On June 22, 2018, Plaintiff filed a proof of service declaration in which James Jacobs declared that on May 16, 2018, he mailed copies of the summons, complaint, and certificate of interested parties, return receipt requested, to (1) the U.S. Attorney's Office for the Central District of California, (2) the Attorney General of the United States, and (3) the Social Security Administration. (Dkt. 8.) Plaintiff attached certified mail receipts reflecting mailings to these three addressees. (Id. at 4.)

Per the CMO, Defendant should have filed an answer and lodged the administrative record within one hundred and twenty (120) days from the date of service. (Dkt. 7 § III.) Although this 120-day period has expired, Defendant has not appeared. Accordingly, on November 8, 2018, the Court issued an order to show cause (Dkt. 9),

which Plaintiff discharged by moving for an entry of default.  (Dkt. 10.)  The Clerk issued a Notice of Deficiency, indicating that the requested default could not be entered because Plaintiff did not attach to her proof of service certified return receipts showing acknowledgment of receipt.  (Dkt. 11.)

To clarify the issues concerning service of process in this action, the Court requested that the U.S. Attorney's Office for the Central District of California enter a special appearance—without waiving any potential objections to service defects—to describe the reason(s) Defendant has not yet appeared in this action and any known service defects.  (Dkt. 12.)

On December 20, 2018, the U.S. Attorney's Office submitted a response indicating that: (1) Plaintiff did not properly serve the Office because Plaintiff or someone on her behalf mailed a copy of the complaint to the Office <u>without a copy of the summons</u>, which is required by Rule 4(i), and (2) the Office sent Plaintiff a letter dated May 24, 2018, informing her of the defects in service.  (Dkt. 13.)

The Court therefore orders Plaintiff to show cause why this action should not be dismissed for failure to serve.  To discharge this order to show cause, Plaintiff may do any of the following **on or before January 25, 2019**:

1. Correct the identified defects in service to comply with Rule 4(i) of the Federal Rules of Civil Procedure.

2. If Plaintiff contends that the U.S. Attorney's Office was properly served, contrary to the Office's response, then Plaintiff may file a declaration disputing the Office's statement of facts and explaining how Plaintiff has complied with the service requirements of Rule 4(i).

3. If Plaintiff no longer wishes to pursue this lawsuit, then Plaintiff may file a "Notice of Voluntary Dismissal."

The federal courthouse in Riverside (which appears closest to Plaintiff's residence in Redlands) operates a clinic for self-represented parties staffed by volunteer lawyers (called the "<u>pro se</u> clinic").  If Plaintiff would like free legal help responding to this Order to Show Cause, then Plaintiff should visit the Court's website at http://www.cacd.uscourts.gov/, click on the "Pro Se Clinic – Riverside" link in the box labeled "People without Lawyers," and make an appointment to visit the clinic.